UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RUSLAN BOHDANOV, Petitioner,

v. Civil Action No. 4:26-cv-469-DJH

MIKE LEWIS, Jailer, Hopkins County Jail et al., Respondents.

* * * * *

# MEMORANDUM AND ORDER

Petitioner Ruslan Bohdanov, a noncitizen resident of Illinois currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 6), and they have submitted briefs setting out their respective legal arguments (D.N. 10; D.N. 11). After careful consideration, the Court will grant Bohdanov's petition for the reasons explained below.

## I.

Bohdanov is a native and citizen of Ukraine. (D.N. 1, PageID.3 ¶ 4; *see* D.N. 1-8, PageID.102) He entered the United States on May 1, 2024. (D.N. 1, PageID.8 ¶ 25) Bohdanov and his family fled Ukraine "after years of threats and targeting by violent criminal organizations in their home region." (*Id.*, PageID.7 ¶ 23) Bohdanov was granted humanitarian parole, which automatically expired on April 30, 2026.[1] (*Id.*, PageID.8 ¶ 25; *see* D.N. 1-8, PageID.103–04) He

[1] Parole under 8 U.S.C. § 1182(d)(5)(A) "permits a noncitizen to physically enter the [United States] . . . subject to a reservation of rights by the Government that it may continue to treat the noncitizen 'as if stopped at the border.'" *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

has a pending asylum application. (*See* D.N. 1, PageID.8 ¶ 25) Before his recent detention, Bohdanov lived in Illinois with his family and worked as a professional poker dealer. (*See id.*, PageID.7 ¶¶ 21–22) On April 29, 2026, U.S. Immigration and Customs Enforcement (ICE) officials placed Bohdanov in removal proceedings via a Notice to Appear, which designated him as an "arriving alien." (D.N. 1-5, PageID.36) ICE officers arrested Bohdanov outside his home on May 19, 2026, following "surveillance." (D.N. 1-9, PageID.112) Although Bohdanov's parole had automatically expired, ICE issued a letter the day of his arrest terminating his parole. (*See id.*, PageID.109)

On June 23, 2026, an immigration judge denied Bohdanov's request for release on bond; the immigration judge stated that he lacked jurisdiction on the ground that Bohdanov is an arriving alien. (*See* D.N. 1-3, PageID.31) Bohdanov's appeal of the bond decision remains pending. (*See* D.N. 1, PageID.12 ¶ 36) He remains detained at the Hopkins County Jail in Madisonville, Kentucky. (*See* D.N. 1-4, PageID.34) Bohdanov states that during his detention, his health has deteriorated and that he has experienced withdrawal due to a lack of prescribed medication he took based on traumatic experiences in Ukraine. (*See* D.N. 1-13, PageID.177; D.N. 14, PageID.264–65)

Bohdanov seeks a writ of habeas corpus against the Chicago ICE Field Office Director, Department of Homeland Security Secretary Markwayne Mullin, Acting U.S. Attorney General Todd Blanche, Acting Director of ICE David Venturella, and Hopkins County Jailer Mike Lewis. (*See* D.N. 1, PageID.3–4 ¶¶ 5–9) Bohdanov alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; and due process under the Fifth Amendment. (*See id.*, PageID.18–20) He seeks immediate release or a bond hearing. (*See id.*, PageID.20)

Respondents argue that Bohdanov is properly detained under 8 U.S.C. § 1225(b)(2) as an arriving alien and that his detention does not violate due process.[2] (*See* D.N. 10, PageID.222–33)

**II.**

**A. Immigration and Nationality Act**

Bohdanov asserts that § 1226(a) governs his detention and that he is entitled to a bond hearing. (*See* D.N. 1, PageID.19) Respondents argue that § 1225(b)(2) requires Bohdanov's detention. (*See* D.N. 10, PageID.222–30)

The Court previously addressed arguments related to a similarly situated petitioner in *Quintero v. Olson*, No. 4:26-cv-34-DJH, 2026 WL 596643 (W.D. Ky. Mar. 3, 2026). The Court thus summarizes and incorporates by reference its reasoning and determination from that decision. There, the petitioner was paroled under 8 U.S.C. § 1182(d)(5)(A) and overstayed his parole that had automatically expired. *See id.* at *1. The Court found that upon the expiration of the petitioner's parole, he was not an arriving alien, he was not automatically returned to mandatory detention, and he remained an applicant for admission. *See id.* at *2–3. The Court further explained that § 1225(b)(2)(A) did not apply to the petitioner's detention because he was not "seeking admission" as that provision requires. *See id.* at *3; *see also id.* at *2 (observing that "[p]arole 'shall not be regarded as an admission of the alien'" (quoting § 1182(d)(5)(A))). Specifically, the Court found that the petitioner was not seeking admission because he was arrested in the United States. *See id.* at *3 (citing *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025)). The Court concluded that § 1226(a) applied to the petitioner's detention because that

[2] Respondents do not contest that the Court has jurisdiction to review Bohdanov's petition (*see generally* D.N. 10). *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))). Nor do Respondents argue whether Bohdanov must exhaust administrative remedies. (*See generally* D.N. 10) Therefore, the Court will not address those issues.

provision "generally governs the process of arresting and detaining [noncitizens] once inside the United States." *Id.* at *2 (quoting *Chavez v. Dir. of Detroit Field Off.*, No. 4:25-cv-02061-SL, 2025 WL 2959617, at *4 (N.D. Ohio Oct. 20, 2025)); *see also Ontiveros v. Warden Corr. Ctr. of Nw. Ohio*, No. 3:26-cv-632, 2026 WL 1109422, at *5 (N.D. Ohio Apr. 24, 2026) (rejecting argument that "an arriving immigrant who is paroled and whose parole expires remains an ['arriving alien'] even when that term no longer logically applies to them").

These observations are supported by the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The Sixth Circuit found that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A). *Id.* at 732. As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission," § 1225(b)(2)(A). *See Lopez-Campos*, 175 F.4th at 722–23. The Sixth Circuit held that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Id.* at 723. It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'" *Id.* at 729.

Here, immigration authorities detained Bohdanov in the United States after he overstayed his parole. (*See* D.N. 1-9, PageID.112) Like the petitioner in *Quintero*, Bohdanov is an applicant for admission because he has not been admitted to the United States. (*See* D.N. 1, PageID.7–10 ¶¶ 21–30) And like the petitioners in *Lopez-Campos*, Bohdanov is not seeking admission because he is not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer" (*see id.*, PageID.7–10 ¶¶ 21–30). *Lopez-Campos*, 175

F.4th at 723. Therefore, § 1226(a), not § 1225(b)(2)(A), governs Bohdanov's detention. *See id.* at 732 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))). Bohdanov is thus entitled to a bond hearing. *See id.* at 719 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

**B. Due Process**

Bohdanov's detention without a bond hearing on the merits violates due process. *See id.* Because he has not received such a hearing (*see* D.N. 1-3, PageID.31), the Court must determine the proper remedy. *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026); *see also Azalyar v. Raycraft*, 814 F. Supp. 3d 926, 934 (S.D. Ohio 2026) (concluding that a bond hearing "was not constitutionally adequate" because the immigration judge, based on a purported lack of jurisdiction, "was functionally unable to make an individualized assessment of the [alleged] need to re-detain" the petitioner (alteration in original) (internal quotation marks and citation omitted)). "Habeas has traditionally been a means to secure release from unlawful detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis omitted). Consistent with that understanding, this Court and others have ordered noncitizens' release upon finding a due-process violation. *See, e.g.*, *Vicen v. Lewis*, 821 F. Supp. 3d 863, 878 (W.D. Ky. 2026) (ordering release and collecting cases in which courts ordered release from illegal detention); *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025); *see also Hyppolite*, 808 F. Supp. 3d at 494 (ordering the petitioner's release and

that the respondents not re-detain him "without providing him notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker"). In accordance with those decisions, the Court will order Bohdanov's immediate release.

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Bohdanov's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Bohdanov and shall not re-detain him without notice and an opportunity to be heard at a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **August 10, 2026**.

(2) Bohdanov's motion for an order to show cause (D.N. 3) is **DENIED** as moot.

(3) Bohdanov's motion for a temporary restraining order (D.N. 14) is likewise **DENIED** as moot.

(4) Upon receipt of the notice of compliance, this matter will be **CLOSED**.

August 6, 2026

**David J. Hale, Chief Judge**
**United States District Court**